REID, Judge.
This matter was instituted by Sylvia Tor-bet who was a guest passenger in an automobile involved in.a collision in the Parish of St. Mary, Louisiana, on July 1, 1962, at about 11:00 A.M., on U. S. Highway 90, approximately three miles West of the town of Baldwin, Louisiana, between a 1959 Ford automobile owned and driven at the time by Marsha Kay Clinton, and a 1961 Chevrolet automobile owned by Hycalog, Inc., and being driven at the time by Daniel James Grady, III, an employee of Hycalog, Inc. The plaintiff was riding in the Clinton automobile. The suit was brought against American Insurance Company, insurer of the Clinton automobile, and against Hyca-log, Inc. and its liability insurer, Insurance Company of North America.
Plaintiff allege^ that at the time of the accident Marsha Kay Clinton was driving her automobile in an easterly direction in the southern traffic lane of U. S. Highway No. 90, with plaintiff seated on the right front seat of said automobile; that at the same time there was proceeding in a westerly direction in the northern traffic lane of said highway a 1961 Chevrolet 4-door automobile owned by Hycalog, Inc. and operated by Daniel James Grady, III, an employee of Hycalog, Inc.; that as the two automobiles approached each other, the driver of the Hycalog automobile suddenly and without warning drove the Hycalog automobile across the center line of said highway and into the traffic lane in which the Clinton automobile was proceeding and the two automobiles collided with each other. Plaintiff alleges joint negligence on the part of said Daniel James Grady, III and Marsha Kay Clinton and prays for judgment in the amount of $21,526.09 for damages and loss of wages, with judicial interest and costs.
Hycalog, Inc. and its insurer, Insurance Company of North America, filed a general denial and alleged contributory negligence on the part of Marsha Kay Clinton and in reconvention, alleged that should Hycalog, Inc. and Insurance Company of North America be cast in judgment, then in such event Marsha Kay Clinton and Daniel James Grady, III were joint tort feasors and that American Insurance Company as the insurer of Marsha Kay Clinton should be cast in judgment for its proportionate share of any award whatsoever in favor of plaintiff.
American Insurance Company filed a general denial to the main demand, alternatively alleged contributory negligence on the part of plaintiff, and as third party plaintiffs prayed for judgment in favor of third party plaintiff and against Daniel James Grady, III, Hycalog, Inc. and Insurance Company of North America for the full amount allowed by law under the rights of contribution by joint tort feasors, including interest and costs. American Insurance Company also filed an answer of general denial as third party defendant.
*880 Hycalog’, Inc. and Insurance Company of North America filed an answer of general denial to the third party petition of American Insurance Company.
American Insurance Company then filed a motion for summary judgment alleging that Marsha Kay Clinton was in no way negligent in causing the accident and prayed for judgment dismissing plaintiffs cause of action as to it.
After a lengthy trial of this matter the Trial Court rendered judgment in favor of plaintiff, Sylvia Torbet, and against the defendants, Hycalog, Inc. and Insurance Company of North America, in solido, for $3,226.09, with interest and costs, dismissed plaintiff’s suit as to American Insurance Company, and fixed the expert witness fees of Dr. James F. Gladney, Jr., at $40.00, Dr. Donald F. Overdyke at $35.00, and Dr. Willis J. Taylor at $40.00.
Plaintiff Sylvia Torbet appealed from said judgment.
Hycalog, Inc. and Insurance Company of North America filed an answer to the appeal alleging as follows: “The Court erred in finding that Hycalog, Inc. was guilty of negligence which was a proximate cause of the accident and the injuries complained of, and in failing to find that plaintiff was guilty of contributory negligence, and in finding that defendants, Hycalog, Inc. and Insurance Company of North America, were responsible and liable to plaintiff.” The brief on behalf of these two defendants alleged that if they be found guilty American Insurance Company should be held jointly and solidarity liable, but in view of the fact that they did not so allege in their answer to the appeal they would not be entitled to this relief.
After a very careful reading of the entire record in this matter, this Court feels that the Trial Judge very ably set forth the crux of this matter in his reasons for judgment as follows :
“Plaintiff was riding on the right front scat of the Clinton automobile (Transcript, page 10). Miss Clinton was proceeding easterly in her lane of traffic, being the southern lane of traffic of the highway (Transcript, pages 11 and 12). As she approached a curve in the road, the Hycalog car came at her from the opposite direction, swerved across the center line of the highway, and collided with the Clinton automobile in the southern traffic lane (Transcript, pages 12, 59 and 60). Previous to the accident, Miss Clinton had slowed her automobile to a near stop, and had driven to her right to the extent that the right front and right rear tires of her automobile were off the highway (Transcript, pages 12, 13, 60, 61 and 64). The southern shoulder of the highway was probably wide enough for Miss Clinton to have driven on to it and the ditch adjacent thereto was not deep (Transcript, page 61).
“The accident was investigated by Trooper R. J. Pichoff (Transcript, page 83) whose testimony confirms the fact that the accident happened in the Clinton automobile’s lane of traffic (Transcript, pages 84 and 85).
“As a result of the collision, the plaintiff was thrown forward against the front interior of the Clinton automobile, causing the damages allegedly sustained by her.
“Daniel James Grady, III, pleaded guilty in the Fifteenth Judicial District Court for St. Mary Parish, Louisiana, to the violation of R.S. 32:231, in that he was driving on the wrong side of the highway at the time of the accident (Transcript, page 72). Evidence as to his conviction was objected to by counsel for Hycalog, Inc., and its insurer (Transcript, page 70). Evidence of the conviction was admitted by the court, subject to the objection (Transcript, page 72). Plaintiff contends that the objection should have been overruled. As it is my opinion that the preponderance of the evidence, irrespective of the conviction of or the guilty plea of Daniel James Grady, *881 III, is to tlie effect that the sole, proximate cause of the accident was the negligence of Daniel James Grady, III, it is not necessary for me to rule whether the objection by the attorney representing Hycalog, Inc., should have been sustained or overruled.
“Plaintiff has by a preponderance of the evidence made out her case against Hycalog, Inc., and its insurer, by uncon-tradicted evidence that the Hycalog automobile collided with the Clinton automobile across the center line of the highway and in the Clinton automobile’s lane of traffic. Hycalog and its insurer having failed to rebut the proof offered by the plaintiff, plaintiff is entitled to judgment against Hycalog, Inc., and its insurer for her damages.
“It is clear from the evidence that Marsha Kay Clinton was faced with an emergency and was not guilty of any negligence in the matter. Likewise, there is no evidence to sustain the argument that. Sylvia Torbet, the plaintiff, was guilty of any negligence. Consequently, the case will be dismissed as to all defendants except Hycalog, Inc., and its insurer, Insurance Company of North America, subject to a limit of liability on the part of Insurance Company of North America of Ten Thousand Dollars ($10,000).”
It is the opinion of this Court that the Trial Judge was correct in so holding.
As to quantum, the Trial Judge awarded the plaintiff $3,226.09, of which $226.09 represented plaintiff’s special damages. On appeal plaintiff conceded that the Trial Court was correct in regard to the special damages and no appeal was taken from that portion of the judgment.
Plaintiff urges on appeal that the Trial Court was in error in only awarding plaintiff the sum of $3,000.00, exclusive of special damages, for her damages resulting from personal injuries, including the disfigurement resulting from the scar on her knee and that the award should be increased to $5,000.00 for damages from personal injuries, exclusive of disfigurement of the knee, and $1,000.00 for disfigurement resulting from the scar on plaintiff’s knee, or a total of $6,000.00, and that furthermore the Court erred in rejecting plaintiff’s claim for loss of wages and asked that the judgment be amended to award plaintiff the additional sum of $4,800.00 for loss of wages.
It is conceded that plaintiff received a laceration of her right knee, a contusion of her right thigh and bruises and contusions about the body. A few sutures were taken in her right knee immediately following the accident on July 1. She was not hospitalized. When she returned to her home town several days later she visited her family physician and on July 10 he removed the sutures from her knee. The Trial Judge described the resulting scar as follows :
“I would describe the scar as an L-shaped scar on the right knee, however it is of such nature that it is hardly noticeable as a scar unless the knee is viewed very closely. The scar is about one and one-half inches in one direction and about two and one-fourth to two and one-half inches in the other direction. What is really noticeable is noticeable only at close range. That description is taken through Miss Torbet’s hose.”
An award of $3,000.00 to this plaintiff for a cut on the knee which required sutures, and contusions and bruises about the body which healed quickly, none of which required hospitalization nor left any functional residual disability, but resulted in tenderness and pain and a small scar on the knee, is neither excessive nor inadequate.
It is quite apparent from the record that plaintiff suffered no loss of wages as a result of the accident. She is a school teacher by profession and during the summer while she was recovering from the laceration of her knee, she continued to receive her salary *882 from the State. Counsel for the defendants very ably set forth the reasons on which the Trial Judge based his rejection of this part of plaintiff’s claim, as follows:
“There is one other item of damage which is claimed by the plaintiff and toward which much of the testimony has been aimed. It is claimed that as a result of this accident, Miss Torbet was unable to teach school in a position which she would otherwise have occupied during the year 1962-63 at a salary of $4,800.00. It is pointed out that she had taught in the Bossier Parish Schools as a counsellor at a salary of $4,600.00 and that she had been advised that she could have the job again the next year at a salary of $4,800.-00 providing she took some six hours of college work during the summer. She contends that she was unable to take the six hours college work during the summer because of the accident although she had intended to do so, and that except for the accident, she would have taken the college work, qualified herself, and then made $4,800.00 during the year 1962-63, and she is, therefore, entitled to this amount in damages. The record, of course, shows that Miss Torbet went to college at Peabody at Nashville, Tennessee, taking work toward her doctorate degree which she had intended to do all along, and that, as a result of her course at Peabody, she. was able to get her present position at Memphis State College at a salary of $6,700.00, far greater than anything she had made before. It is respectfully submitted that Miss Torbet lost nothing as a result of the accident, and certainly cannot attribute her failure to teach in the Bossier Parish schools during the year 1962-63 to this accident particularly since she used this time to attend school herself, perfecting herself to the point where she could command the position referred to.”
There is nothing in the record which would substantiate plaintiff’s claim that she intended to go to summer school and take the six hours work required by the Bossier Parish School Board in order for her to be employed there as a guidance counselor during the next year. The record is void of any proof that she had taken any steps toward registering in any college at the time of the accident on July 1. She admitted this by her own testimony. It is, therefore, the opinion of this Court that the Trial Judge’s conclusion that the plaintiff’s claim for loss of wages is highly speculative is correct.
For the above and foregoing reasons the decision of the Trial Court is affirmed.
Affirmed.